IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISON

_____

| | |
|---|---|
| LETTY PEREZ | ( No. MO-21-119_____ |
| | ( |
| v. | ( |
| | ( |
| PERMIAN REGIONAL MEDICAL CENTER | ( |
| and JOHN DOE Nos. 1-3 | ( |

_____

## COMPLAINT
_____

TO THE HONORABLE JUDGE OF THE COURT:

   LETTY PEREZ, Plaintiff, complains of PERMIAN REGIONAL MEDICAL CENTER and JOHN DOE Nos. 1-3, Defendants, and for causes of action would show:

1.
(The Party Plaintiff)

   LETTY PEREZ, Plaintiff, is an individual and resident of Andrews County, Texas.

2.
(The Party Defendant)

   Defendant PERMIAN REGIONAL MEDICAL CENTER is a public entity the laws of the State of Texas and operates within an area of Andrews County, Texas and the Western District of Texas. Its principal place of business is located in Andrews County, Texas. This Defendant may be served by serving with process Donny Booth, 720 Hospital Dr., Andrews, TX 79714.

   Plaintiff reserves the naming of additional defendants in the event that other actors, aided and abetted in, or were a party to the tort conduct of the Defendant. These additional defendants will be designated as John Doe Nos. 1-3.

MO-21-119

3.
(Venue & Primary Jurisdiction)

Venue is proper in this District Court and this Division for the reason that the wrongful conduct occurred in Andrews County, Texas, which is located within the Midland Division of the United States District Court for the Western District of Texas.

The Plaintiff invokes the federal question jurisdiction of the United States District Court, for she sues for remedies under 42 U.S.C. sec. 1983.

The conditions precedent to filing suit have been met. The Plaintiff served a Notice of Claim upon the Defendant prior to filing suit.

4.
(Causes of Action)

On or about May 01, 2020, the Plaintiff was employed with the Defendant when she presented with COVID symptoms. The Plaintiff position with the hospital mandated interaction with patients and employees. The Plaintiff, due to long tenure, had a property interest in her position with the Defendant. The Plaintiff took medical leave and the nature of her symptoms mandated medical leave. At the time, the Defendant employed over 50 individuals. The Defendant, acting through its representatives, employees and representatives, under the color of state law, terminated the Plaintiff. The termination was without procedural due process and was arbitrary and unreasonable under the health pandemic conditions at the time. Therefore, the termination violated the Plaintiff's right to substantive due process.

At the time of termination, the Plaintiff was covered by health insurance or health plan. Since her termination, the Defendant has failed to notify her adequately of her right to continuation of health insurance under the Consolidated Omnibus Budget Reconciliation Act, also known as

MO-21-119

COBRA and has failed to provide her with a manner and means of obtaining COBRA continuation coverage.

The qualifying event was the Plaintiff's termination of employment by the Defendant. The Defendant, acting through its employee(s), agent(s), representative(s) or officials/principals failed to provide a notification within the requisite 44 days of her right to health insurance coverage continuation.

For causes of action, the Plaintiff pleads the following:

(a) *Violation of Substantive Due Process*. The Plaintiff had a property interest in her position with the Defendant and further in her good name and future earning capacity. The Plaintiff had a substantive due process right in not being terminated arbitrarily or capriciously. The termination was a proximate cause of damages to the Plaintiff in the form of loss of income up to $150,000.00; mental anguish and pain and suffering up to $350,000.00 and loss of earning capacity, loss of reputation and future mental anguish in the amount of $250,000.00.

On information and belief, the Defendant violated the Plaintiff's right to procedural due process and sues for those damages proximately caused thereby.

(b) *Violation of COBRA*. The Defendant's conducted itself to violate the Plaintiff's right of continuation coverage under COBRA. The Plaintiff is entitled to the recovery of $110.00 per day from the 45th day after termination through the date this case is adjudicated. The Plaintiff prays recovery of $110.00 per day beginning from May 02, 2019, until the date this case is adjudicated or to the date under law which the penalty expires. In the alternative, Plaintiff prays for $33,000.00 and additional amount up to $25,000.00.

MO-21-119

4.
(Damages)

Plaintiff requests recovery of the per day penalty permitted under COBRA at the lawful rate.

Separately, as a proximate result of the conduct of the Defendant, the Plaintiff sustained damages in the form of future loss of earning capacity, mental anguish, pain and suffering and physical and mental impairment. The Plaintiff requests a recovery of up to $750,000.00 under the violation of due process claim.

The Plaintiff sues for recovery of up to $150,000.00 for damages and assessment for the COBRA violation.

The Plaintiff prays for the recovery from the Defendant, jointly and/or severally, if applicable of all damages in excess of the minimum Jurisdiction of the Court.

5.

The Plaintiff reserves in this pleading any claim for breach of fiduciary duty and common law fraud, as pendent state law claims.

6.

The Plaintiff reserves claims against John Doe Nos. 1-3, if revealed through discovery.

7.
(Notice to Defendants)

A notice of suit rights was served upon the Plaintiff and the Defendant.

8.
(Attorney's Fees)

The Plaintiff requests the recovery of reasonably attorney's fees in an amount in excess of the minimum jurisdiction of the Court, if permitted by statute or case law.

MO-21-119

The Plaintiff requests the recovery of up to $75,000.00 for pre-trial representation and up to $15,000.00 for trial of this case. If the Defendant elects to appeal, the Plaintiff prays for the recovery of up to $50,000.00 for representation through the United States Court of Appeals for the Fifth Circuit.

9.
(Interest)

The Plaintiff requests the recovery of pre-judgment interest, post-judgment interest and the costs of Court.

10.

The Plaintiff demand a trial by jury.

<u>Prayer</u>

Wherefore, the Plaintiff requests that the Defendant be cited to appear and answer and after a trial on the merits, the Plaintiff request the recovery of a Judgment awarding the following relief:

[a] Compensatory damages for the elements and in the elements alleged above;

[b] Reasonable attorney's fees;

[c] Pre-judgment interest, post-judgment interest and costs of court;

[d] Such other relief to which the Plaintiffs are entitled to recover.

Respectfully submitted,

Alan Harris, Attorney at Law
310 No. Texas Ave.
Odessa, TX  79761
432-580-3118

By: <u>Alan Harris</u>

MO-21-119

Steve Hershberger, Attorney at Law
600 No. Marienfeld St., Ste. 1035
Midland, TX  79701
432-570-4014
stevehersh@sbcglobal.net

By: __/s/ Steve Hershberger_____
Steve Hershberger
Texas State Bar # 09543950

Attorneys for Plaintiff